UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV15-00005 JAK (JEMx) | Date | May 19, 2015 |
| Title | Rocky Wright v. The Estate of Walter Johnson, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 20, 21); DEFENDANT'S MOTION TO DISMISS (DKT. 28)   JS-6: Remanded

I.   **Introduction**

Rocky Wright, individually and as Trustee of the Wright Family Trust ("Plaintiff"), filed this action in the San Bernardino Superior Court on July 7, 2014, and named the Estate of Walter Johnson (the "Estate") as the defendant. Compl., Dkt. 1, Ex. A. The Complaint seeks to recover damages to Plaintiff's property that allegedly resulted when an airplane crashed there. At the time of the crash, the plane was owned by the Walter Johnson Family Trust (the "Trust") and piloted by Walter Johnson.

Plaintiff has brought two causes of action: (i) property damage by negligence; and (ii) trespass to land under cultivation causing damage to growing crops. *Id.* The Complaint was served only on Star Insurance Company ("Star") pursuant to California Probate Code §§ 550, et. seq. Removal, Dkt. 1 ¶ 2. Star, which is an insurer of the Trust, removed the action on December 31, 2014, based on diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Dkt. 1.

On February 23, 2015, Plaintiff filed a Motion to Remand ("Motion"). Dkt. 20. Plaintiff contends that there is not complete diversity between the parties. Star opposed the Motion. Dkt. 27. On March 9, 2015, Star filed a Motion to Dismiss the Complaint. Dkt. 28. It is based on a prior determination in a separate action that the insurance policy at issue does not provide coverage for any claimed damages arising from a crash of the plane when piloted by Johnson. No opposition was filed to the motion to dismiss. A hearing on the motions was conducted on April 27, 2015 and the matter was taken under submission. For the reasons set forth in this Order, the Motion to Remand is **GRANTED.** The Motion to Dismiss is not addressed due to a lack of jurisdiction.

II.   **Factual Background**

This action arises from the aforementioned plane crash, which occurred on September 4, 2011. Walter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV15-00005 JAK (JEMx) | Date | May 19, 2015 |
|---|---|---|---|
| Title | Rocky Wright v. The Estate of Walter Johnson, et al. | | |

Johnson died in the crash. Star had issued an insurance policy ("Policy") to the Trust with respect to the operation of the plane; the policy was in force from November 10, 2010 to November 10, 2011. "Declaration of William A. Romaine (Romaine Decl.")", Dkt. 21, Ex. 3.

As noted, in a prior declaratory relief action brought by Star against the Trust, *Star Insurance Co. v. Walter Johnson Family Trust et al.*, CV 12-02764 (the "Star Action"), it was determined that there was no coverage under the Policy for the September 4, 2011 crash. Request for Judicial Notice ("RJN"), Dkt. 29, Ex. D; *see also* CV12-02764, Dkt. 164. Judgment in favor of Star was entered in that action. RJN, Dkt. 29, Ex. A; *see also* CV12-02764, Dkt. 261.

Plaintiff was not a party in the Star Action. As noted, Plaintiff brought this action against the Estate. However, pursuant to Cal. Prob. Code § 552, Plaintiff served the Complaint only on Star. Dkt. 1 ¶ 1. Cal. Prob. Code § 550 provides that "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest."

The Complaint alleges that Johnson was a resident of California. Dkt. 1, Ex. 1 ¶ 1. In the Motion, Plaintiff contends that Johnson is a citizen of California. Mot., Dkt. 20 at 7. Star does not dispute this assertion. The Complaint also alleges that Plaintiff owns property in California. *Id.* ¶ 6. Further, included with the Removal is evidence that Plaintiff is a citizen of California. Dkt. 1 ¶ 7. In the Motion, Plaintiff acknowledges that fact. Dkt. 21. Star is a corporation that is incorporated under the laws of Michigan and with its principal place of business in Michigan. Dkt. 1 ¶ 8. Therefore, it is a citizen of that state.

**III.      Motion to Remand**

      A.      Legal Standard

           1.      Removal

Federal courts are ones of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If at any time before final judgment the court determines that it is without subject matter jurisdiction, a removed action must be remanded to the state court in which it was originally filed. 28 U.S.C. § 1447(c).

The party removing an action bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court," because "it is well established that the plaintiff is master of her complaint and can plead to avoid federal jurisdiction." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

When a case does not arise under federal law, a district court has original jurisdiction only when there is diversity of citizenship. 28 U.S.C. § 1332. This requires that the action is one between citizens of different states, and that the amount in controversy exceeds $75,000. *Id.* Complete diversity of citizenship is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV15-00005 JAK (JEMx) | Date | May 19, 2015 |
| Title | Rocky Wright v. The Estate of Walter Johnson, et al. | | |

required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Citizenship for diversity purposes requires that a party must be a citizen of the United States who is domiciled in a particular state. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person is domiciled where he or she has "established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (quotations omitted). Other factors that bear on the determination of domicile include: current residence, voter registration, location of property and bank accounts, location of family, membership in organizations, place of employment, the state that issued a person's driver's license, the state where a person motor vehicle is registered, and the state where the person pays income and other taxes. *Lew*, 797 F.2d at 449-50.

Pursuant to 28 U.S.C. § 1332(c),

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
>
> > (A) every State and foreign state of which the insured is a citizen;
> >
> > (B) every State and foreign state by which the insurer has been incorporated; and
> >
> > (C) the State or foreign state where the insurer has its principal place of business; and
>
> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

> 2. <u>California Probate Code §§ 550, et.seq.</u>

Cal. Prob. Code § 550 provides that a party may bring an action to establish a decedent's liability, "for which the decedent was protected by insurance against decedent's estate" without joining the decedent's "personal representative or successor in interest." However, "[i]f a plaintiff seeks damages in excess of the insurance policy limits, the plaintiff must file a claim and establish the liability other than under this chapter." Cal. Prob. Code § 552 provides:

> An action under this chapter shall name as the defendant, "Estate of (name of decedent), Deceased." Summons shall be served on a person designated in writing by the insurer or, if none, on the insurer. Further proceedings shall be in the name of the estate, but otherwise shall be conducted in the same manner as if the action were against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV15-00005 JAK (JEMx) | Date | May 19, 2015 |
|---|---|---|---|
| Title | Rocky Wright v. The Estate of Walter Johnson, et al. | | |

personal representative.

"The suit technically proceeds against the estate to determine liability, but any such liability is imposed only upon the insurance companies and only up to the amount of any applicable insurance." *California Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.,* 298 F. Supp. 2d 930, 949 (E.D. Cal. 2003). "The insurer may deny or otherwise contest its liability in an action under this chapter or by an independent action. Unless the personal representative is joined as a party, a judgment in the action under this chapter or in the independent action does not adjudicate rights by or against the estate." Cal. Prob. Code § 553. "A judgment in favor of the plaintiff in the action is enforceable only from the insurance coverage and not against property in the estate." Cal. Prob. Code § 554. Accordingly, if the personal representative is not joined as a party to the action, damages are limited to the amount of the policy.

    B.    Application

Plaintiff contends that there is no subject matter jurisdiction over this action. It is undisputed that Plaintiff is a citizen of California. Accordingly, the question is whether any other party is a citizen of this state. That question turns on whose citizenship should be considered. For purposes of the determination of diversity jurisdiction, it is undisputed that Walter Johnson is a citizen of California, and that Star is a citizen of Michigan. Therefore, complete diversity will exist only if it is proper to consider solely the citizenship of these two parties. The determination of this issue requires interpretation of the relevant sections of the California Probate Code. Plaintiff named the Estate in this action pursuant to Cal. Prob. Code § 552. Because Plaintiff did not name the personal representative of the Estate as a defendant, under the statute, Plaintiff can recover only from Star.

Plaintiff argues that Star is Johnson's "legal representative." From this Plaintiff argues that, as a matter of law, Star's citizenship is determined by that of Johnson. This argument is not persuasive. Star is not the "legal representative" of the Estate under the statutory scheme. Nor has it acted on behalf of the Estate. Cal. Prob. Code §§ 550 et. seq. distinguish between a "personal representative" of an Estate and "the insurer." *See* Cal. Prob. Code § 552 (summons must be served on "the insurer" but the proceedings shall be conducted as if the action were against "the personal representative"), § 553 ("the insurer" may contest liability, but unless the "personal representative" is joined, the Estate is not subject to judgment), § 554 (recovery limited to the amount of "insurance proceeds" unless the "personal representative" of the Estate is joined as a party). Moreover, Star and the Estate are in conflict as to their contractual relationship because Star claims that it has no liability under the Policy for the damages caused by the actions of Johnson when he piloted the aircraft.

"Early in its history, this Court established that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. [citation]. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460-61 (1980); *see also Helm v. Zarecor,* 222 U.S. 32, 36 (1911) ("It [i]s ... the duty of the court in determining whether there [i]s the requisite diversity of citizenship, to arrange the parties with respect to the actual controversy, looking beyond the formal arrangement made by the bill."); *City of Indianapolis v. Chase Nat. Bank of City of New York,* 314 U.S. 63,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV15-00005 JAK (JEMx) | Date | May 19, 2015 |
| Title | Rocky Wright v. The Estate of Walter Johnson, et al. | | |

69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'.").

Star argues that it is the real party in interest in the action. Based on this position, it then contends that only its citizenship is relevant in determining diversity. Plaintiff responds that this is a tort action brought against the Estate based on the conduct of Walter Johnson. From this Plaintiff argues that the citizenship of Star is not relevant to the determination of jurisdiction. Star replies that Plaintiff served the Complaint on Star alone; the Estate is not joined as a party. It adds that Plaintiff is seeking recovery only under the Policy that Star issued to the Trust, and that Star is asserting its own defense, i.e., that there is no coverage under the Policy, as it is permitted to do pursuant to Cal. Prob. Code § 554. For these reasons, Star claims that it is the real party in interest.

A review of the relevant facts that have been presented shows that this proceeding is analogous to a direct action against Star. "Courts have uniformly defined the term 'direct action' as used in [42 U.S.C. § 1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.,* 691 F.2d 898, 901-02 (9th Cir. 1982). In substance, that is what has occurred here. This conclusion is consistent with *Searles v. Cincinnati Insurance Company*, 998 F.2d 728, 729 (9th Cir. 1993) ("[U]nless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action."). It is also supported by the policy underlying 42 U.S.C. § 1332(c). *See* 13F Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* 3d § 3629 (2015).

Star argues that this is not a direct action. It relies on an unpublished decision of a California Court of Appeal. *Turner v. Hertz Corp.,* No. F065250, 2014 WL 2432891 (May 30, 2014), *review denied* (Aug. 27, 2014). There, the court stated in a footnote, "[t]hough this issue is not dispositive, we do not see how Probate Code sections 550 et seq. actions could reasonably be described as being 'direct' against the insurer." *Id.* at *7 n.11. Reliance on this opinion for this proposition is not persuasive. First, the decision is not binding precedent. Cal. Rules of Court 8.1115 ("Except as provided in (b), an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action."). Second, in *Turner*, the Court of Appeal concluded that the estate had not been effectively served for purposes of the entry of a default where the plaintiff had only served the estate's insurer pursuant to Cal. Prob. Code § 550 et. seq. In so holding, the Court of Appeal declined to consider the legislative history submitted by the parties regarding Cal. Prob. Code § 550 and stated that it did not need to reach the issue whether the statutory scheme created a direct action against the insurer. 2014 WL 2432891, at *7.

Star next argues that direct actions by injured parties against insurers of those who allegedly caused the injury are not permitted in California. From this, Star argues that to interpret the present case as a direct action against an insurer is in conflict with the policy of California. *See Mezzetti v. State Farm Mut. Auto. Ins. Co.*, 346 F. Supp. 2d 1058, 1063 (N.D. Cal. 2004) ("[I]n order to be a 'direct action' statute under 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV15-00005 JAK (JEMx) | Date | May 19, 2015 |
| Title | Rocky Wright v. The Estate of Walter Johnson, et al. | | |

U.S.C. § 1332(c)(1), *Beckham* also requires that a statute permit an injured party to bring suit against an insurer *'without* ... first obtaining a judgment against [the insured]."*) (emphasis in original) (citing William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:307 ("direct actions" are *"not* permitted in California or most other states")). Star contends that Cal. Prob. Code § 550 "specifically avoids characterization as a direct action by requiring the estate be named as the defendant." Opp., Dkt. 27 at 9-10. However, the more reasonable interpretation of the relevant provisions of the California Probate Code is that, although California does not, in general, permit direct actions, the California Probate Code provides a specific avenue to institute a quasi-direct action against an insurer. Cal. Prob. Code § 550 ("an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest.").

Pursuant to 42 U.S.C. § 1332(c)(1)(A), an insurer in a direct action is a citizen of every state in which "the insured" is a citizen. The Trust is the insured in the Policy at issue here. "A trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Navarro,* 446 U.S. at 464). In addition, "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 539 (1824)). At the time of the filing of this action, William Johnson was the successor trustee of the Trust. He is a citizen of North Carolina. Removal, Dkt. 1 ¶ 9. Because citizenship is determined at the time of filing, the Trust is a citizen of North Carolina for purposes of this action.

The Policy also defines the term "insured" as including "any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the express permission of the named insured." Romaine Decl., Dkt. 21, Ex. 3 at 35. The Policy names Walter Johnson in the Policy's Pilot Warrant Endorsement section as a pilot covered by the Policy.[1] *Id.* at 41. Indeed, in the prior, related action, Star referred to Walter Johnson as an "insured" in its motion for partial summary judgment. CV12-02764, Dkt. 131 at 7 ("At issue in this motion is Star's First Cause of Action for Declaratory Relief, which seeks a declaration that insured pilot Walter Johnson failed to comply with the Policy's Pilot Warranty Endorsement ("PWE"), a precondition to coverage for insured flights."). Therefore, it is also appropriate to consider Walter Johnson as an insured under the Policy.

Courts have concluded that the term "the insured" in § 1332(c)(1)(A) applies to any insured under the policy and not only the named insured. *See, e.g., Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1125 (5th Cir. 1981) ("The term 'insured' as used in Section 1332(c) includes a person insured by reason of an omnibus clause as well as the named insured."); *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 678 n.18 (2d Cir. 1992) ("Courts have construed the term 'insured' in § 1332(c) broadly to include not only the named insured but also any person covered by an omnibus or 'other insured' clause in the policy (for example, a clause that extends insurance coverage to anyone operating the car with the permission of the named insured)."); *Williams v. Liberty Mut. Ins. Co.*, 468 F.2d 1207, 1209 (5th Cir. 1972) ("It is clear from the

---

[1] In the related action, CV12-02764, it was determined that the Policy did not cover damages arising from the September 4, 2011 crash because Walter Johnson did not comply with the training requirements set forth in the Pilot Warranty Endorsement of the Policy. CV12-02764, Dkt. 164.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV15-00005 JAK (JEMx) | Date | May 19, 2015 |
|---|---|---|---|
| Title | Rocky Wright v. The Estate of Walter Johnson, et al. | | |

legislative history and decisional precedent that the term 'insured' as it is used in 28 U.S.C.A. § 1332(c) includes the omnibus insured, as well as the named insured."). For these reasons, it is reasonable to attribute to Star the California citizenship of Walter Johnson. Accordingly, complete diversity is not present.

Attributing the California citizenship of Walter Johnson to Star is also consistent with the statutory purpose of § 1332(c)(1)(A). "Section 1332(c) was enacted in response to state 'direct action' statutes, which permit a victim to sue the tortfeasor's insurer directly without naming the tortfeasor." *Burgoyne v. Frank B. Hall & Co. of Hawaii,* 781 F.2d 1418, 1420 (9th Cir. 1986) (citing 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* 2d § 3629 (1984)). "The purpose of section 1332(c) was to keep the federal courts from being inundated by run-of-the-mill tort suits between citizens of the same state that could be filed or removed to federal court due to the state 'direct action' statutes and the diverse citizenship of the insurance company." *Id.* The underlying action here is a tort claim against Walter Johnson.

### IV.  Conclusion

For the reasons stated in this Order, Star has failed to meet its burden to show diversity jurisdiction. Therefore, the Motion to Remand is GRANTED.[2]  This action is remanded to the San Bernardino Superior Court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |

---

[2]  Because there is no subject matter jurisdiction, the merits of the issues raised in the Motion to Dismiss cannot be addressed.